WOODARD, Judge.
The issues before us regard the amount of child support payments set and the fixing of the date thereof.
Steven Alex Henley (Steve) and Lauren Talbert Henley (Lauren) agreed to a joint custody plan which was approved by the court in a judgment signed January 28, 1987. In the judgment, Steve was ordered to pay $500.00 per month in child support for his two minor children.
On June 19, 1987, Lauren delivered the children to Steve with a note stating it was in their best interest that the children remain in his custody. On February 12, 1988, Steve was awarded sole custody of the children, subject to reasonable visitation rights for Lauren.
Over the next two years, various motions were filed by both parties regarding their community property settlement. Subsequently, a Rule for Child Support was filed by Steve on October 27, 1989 and was set for hearing on January 16, 1990. Lauren filed a Motion to Continue which was granted and the hearing was reset for February 20, 1990. The parties then stipulated to having the child support payments suspended until November, 1990 when Lauren was to graduate from college. The issues of visitation and transportation were deferred until August 27, 1990. A new hearing date for child support was set for *2 March 11, 1991. This date was continued until June 24, 1991 due to scheduling conflicts of defendant’s attorney. The June 24, 1991 date was reset to November 12, 1991 because Lauren was scheduled for a “C” section. The November 12, 1991 date was reset due to Lauren’s attorney having four (4) other matters scheduled. Finally a hearing was held on January 6, 1992 regarding the various pending rules.
At the January 6,1992 hearing, the court ordered Lauren to pay child support in the amount of $400.00 per month beginning February, 1992. Sole custody of the minor children was maintained with Steve. Judgment was signed on March 5, 1992. It is from this judgment that Steve timely appeals.
The first issue we will address is the date the award of child support is to become effective. La.R.S. 9:310 provides that an order for child support or alimony shall be retroactive to the date of filing of the action, unless the court finds good cause for not making the award retroactive to the filing date and then the court may fix the date the award is to become effective. In the instant case, the date of the filing was October 27, 1989 and the trial court fixed the effective date as February, 1992. There were no reasons assigned, written or oral, as to why the court chose the effective date of February, 1992. However, it is apparent from the record that although the original hearing date for child support was set for January, 1990, the hearing was continued on numerous occasions due to the urging or agreement of both parties. As a result, the issue of child support was not even heard until January 6, 1992. The judgment in the matter was not signed until March 5, 1992. Thus, we find good cause exists in the record and we cannot say the trial court abused its authority by fixing the effective date as February, 1992. Watson v. Hampton, 569 So.2d 635 (La.App. 2 Cir.1990).
The next issue raised by plaintiff relates to a deviation from the child support guidelines without adequate evidence and without assigning reasons.
La.R.S. 9:315.1 B, states:
B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give oral or written reasons for the deviation. The reasons shall be made part of the record or the proceedings.
The trial court stated orally:
As to income, I once again am presented with the tables that I think are excessive, but I am nonetheless bound by the fact that they have been adopted by the legislature, and accordingly, I feel compelled to implement them. In doing so, I am going to find that, under the implementation, that the child support obligation does compute Thirteen Hundred Fifty-Five Dollars ($1,355.00) based upon the proportionate incomes of the parties, that should be broken to Nine Hundred Twenty-Seven and 39/100 Dollars ($927.39) for Mr. Henley and Four Hundred Forty-Seven and 25/100 Dollars ($447.25) for Mrs. Henley.
The question vel non is whether Thirteen Hundred Fifty-Five Dollars ($1,355.00) is an excessive amount for support for two (2) children. However, I say again the legislature has adopted that table and like it or not, in the absence of the particularized factual situations therein specified, I must implement it, and I do so order that support be paid by Mrs. Henley in the amount of — rounding it off to Four Hundred Dollars ($400.00) a month.
We find that the court initially followed the guidelines but, deviated when it set the final amount. The court used the correct amount of $1355.00 as the charted figure for child support in this case and calculated the correct percentage each party should pay. However, it “rounded off” from $447.25 to $400.00 the monthly amount to be paid. This is tantamount to a deviation in contravention of La.R.S. 9:315.1 B, as it did not give oral or written reasons contemplated by this statute. Therefore, we amend the child support to the correct amount of $447.25 per month in accordance with the guidelines.
*3 Because the trial court erred in the calculation, an underpayment resulted in the amount of $47.25 per month starting in February, 1992 through the date of this opinion. This is a period of sixteen (16) months which results in a deficit of $756.00 that Lauren owes Steve. In order not to create a hardship, we will allow her to make up this difference by adding $63.00 per month to the child support payments for the next twelve (12) months, at which time the total amount of $756.00 will be repaid. Thereafter, child support payments will revert to $447.25 per month.
For the foregoing reasons we amend the judgment to reflect the correct amount of child support of $447.25 per month in accordance with the child support guidelines. We affirm the trial court as to the date child support becomes effective.
The costs of this appeal are to be assessed equally to both parties.
AFFIRMED AS AMENDED.
DOMENGEAUX, C.J., concurs in part and dissents in part and will assign reasons.