649 So.2d 32 (1994)
Kerry LLOYD
v.
Charlene G. LLOYD.
No. 94 CA 0421.
Court of Appeal of Louisiana, First Circuit.
December 22, 1994.
*33 Leslie J. Clement Jr., Thibodaux, for plaintiff-appellee Kerry Lloyd.
Rebecca N. Robichaux, Raceland, for defendant-appellant Charlene G. Lloyd.
Before EDWARDS, LeBLANC and PITCHER, JJ.
PITCHER, Judge.
This is an action for an increase in child support. The trial court entered a judgment increasing the amount of support from $1,200.00 per month to $1,291.60 per month. This appeal follows. We affirm.

FACTS
Charlene Lloyd (Charlene Martin)[1] and Kerry Lloyd were married on September 25, 1976. On March 30, 1990, a judgment of divorce was granted and the parties were awarded joint custody of their three children. Charlene Martin was named as the domiciliary parent of the minor children, Kellsy Lloyd, Brance Lloyd, and Lacey Lloyd. Kerry Lloyd was ordered to pay child support in the amount of $1,200.00 per month, *34 and he was ordered to maintain a policy of hospitalization insurance, with the parties sharing the deductible.
On September 10, 1991, Charlene Martin filed a motion and order seeking to increase the amount of child support paid by Kerry Lloyd. A hearing was scheduled for October 4, 1991, but due to a scheduling conflict, the hearing was continued at the request of Kerry Lloyd's counsel. The hearing was rescheduled for October 18, 1991, but never occurred because on October 8, Kerry Lloyd's counsel withdrew from the case.
On April 30, 1992, Charlene Martin filed another motion and order seeking to increase Kerry Lloyd's child support payments. A hearing was scheduled for June 5, 1992. The June 5, 1992 hearing was continued pursuant to a motion filed by Charlene Martin's counsel. Charlene Martin's motion stated that the continuance was requested because the parties were negotiating a settlement. The hearing was rescheduled for July 17, 1992, but once again, the hearing was continued at the request of Kerry Lloyd's counsel due to a scheduling conflict.
The hearing was rescheduled for August 17, 1992, but was continued without date at the request of Charlene Martin's counsel because the parties were attempting to reach a child support agreement. On the motion of Charlene Martin, the hearing was rescheduled for December 4, 1992. The December 4 hearing was continued, but the record does not reflect why the hearing was continued. The hearing was again rescheduled for February 5, 1993, but since Charlene Martin's counsel was no longer representing her, a continuance was requested by Charlene Martin's counsel.
On April 29, 1993, Charlene Martin filed the present rule to increase child support, and she also requested a determination of the following issues regarding the children: transportation and religion, non-covered medical expenses, and cohabitation. On June 2, 1993, Kerry Lloyd filed a rule for a reduction in child support and for contempt because of Charlene Martin's alleged violations of the joint custody agreement. A hearing was held on June 3, 1993 and July 2, 1993.
On November 12, 1993, judgment was rendered in favor of Charlene Martin increasing child support to $1,291.60 per month. The judgment further ordered Kerry Lloyd to maintain medical and hospitalization insurance on the three minor children and to pay the premium of $154 per month for said insurance directly to the insurer. Additionally, the trial court ordered the child support increase effective April 29, 1993.
On November 29, 1993, the trial court denied Charlene Martin's motion for a new trial, and now she appeals, specifying the following assignments of error:
1. The trial court abused its discretion in its determination of the income earning potential of the parties by using different years than its pre-determined year of only 1993.
2. The trial court abused its discretion in fixing the effective date of the child support award retroactive to April 29, 1993 rather than September 10, 1991, in that "good cause", was not adequately shown.
3. The trial court abused its discretion in failing to include the extraordinary medical expenses of the children in calculating the total child support award and failing to apportion to each party his or her share of the medical expenses that are not covered by insurance.
On January 12, 1994, Kerry Lloyd filed an answer and alleged the following assignments of error:
1. The trial court erred in denying Kerry Lloyd's rule requesting a decrease in child support.
2. The trial court erred in ordering Kerry Lloyd to pay all costs.

CHARLENE MARTIN'S ASSIGNMENT OF ERROR NUMBER ONE
Charlene Martin contends that the trial court abused its discretion and erred in the application of the guidelines for determining the correct award of child support. Charlene Martin further contends that the trial court erred by rendering a judgment using Kerry Lloyd's 1992 income and Charlene Martin's *35 1993 income when the trial court limited the evidence to both parties' 1993 income.
The guidelines for determination of child support are set forth in LSA-R.S. 9:315.1 et seq and apply to any proceeding to establish or modify child support filed after October 1, 1989. Percle v. Noll, 93-1272, p. 8 (La.App. 1st Cir. 3/11/94), 634 So.2d 498, 502. Use of the guidelines gives rise to the presumption that an award of child support is proper. LSA-R.S. 9:315.1. Generally, the trial court's order of child support is entitled to great weight and will not be disturbed on appeal absent clear abuse of discretion. Percle v. Noll, 93-1272, p. 9 (La.App. 1st Cir. 3/11/94), 634 So.2d 498, 503.
The trial court determined that there was a significant change in circumstances of both parties as required by LSA-R.S. 9:311 A. for modification of child support. The trial court found that Kerry Lloyd's income from his advertising business had substantially increased since the 1990 child support decree. Additionally, the trial court found that Charlene Martin was unemployed in 1990, and now, she owns an advertising business jointly with her present husband. Based upon these facts, the trial court concluded that the issue of modification was properly before the court.
Next, the trial court determined the adjusted income of each party by using Kerry Lloyd's 1992 tax return and Charlene Martin's 1993 income figures from her business. On appeal, Charlene Martin complains that Kerry Lloyd's adjusted income for support should have been determined based upon his January through May, 1993 income figures, since the court used her 1993 income figures to determine her adjusted income.
The trial court reasoned that it would be unfair and an abuse of discretion to determine Kerry Lloyd's income based upon only five months of 1993 when they could use his 1992 tax returns, especially when the evidence showed that his income for the first five months of 1993 and 1992 was approximately the same.
The trial court, on the other hand, determined that the January through May, 1993 income figures for Charlene Martin were more accurate in determining her adjusted income for child support. The court found that Charlene Martin's advertising business had only been open for two years prior to 1993, and Charlene Martin's 1992 tax return showed a substantial loss for the year. The court found that Charlene Martin's testimony and her records indicated that 1993 would be a more profitable year. The court further found that the prediction of profitability was substantiated by a comparison showing an increase in the percentage of 1993 advertising signs per month compared to the 1992 percentage of advertising signs per month. Thus, the trial court used the 1993 income figures for Charlene Martin.
Based upon the evidence in the record, we cannot say that the trial court abused its discretion. We find that the trial court correctly determined Kerry Lloyd's child support obligation to be $1,291.60 per month. This assignment of error is without merit.

CHARLENE MARTIN'S ASSIGNMENT OF ERROR NUMBER TWO
Through this assignment of error, Charlene Martin argues that the trial court erred by determining that the increase in child support effective on April 29, 1993 instead of her initial filing date of September 10, 1991. Charlene Martin asserts that she did not abandon her original September 10, 1991, motion to increase support. She further asserts that she only requested that the June 5, 1992 and August 14, 1992 hearings be continued, while Kerry Lloyd's counsel requested to continue the remaining scheduled hearings.
LSA-R.S. 9:310 provides that an order of child support or alimony shall be retroactive to the date of filing of the action, unless the court finds good cause for not making the award retroactive to the filing date and then the court may fix the date the award is to become effective. Courts have some discretion to limit or bar the retroactive scope of a modification of a support order. LeFebvre v. LeFebvre, 589 So.2d 66, 68 (La.App. 1st Cir.1991).
*36 In the instant case, Charlene Martin filed motions to increase child support on September 10, 1991, April 30, 1992, and April 29, 1993. The trial court fixed the effective date of the judgment increasing child support for April 29, 1993, the date of Charlene Martin's last motion requesting an increase in support.
The trial court determined that Charlene Martin's September 10, 1991 motion was abandoned. Although Kerry Lloyd requested the initial continuance on the motion, Charlene Martin filed a second motion to increase child support on April 30, 1992. The trial court concluded that the April 30, 1992 motion for increased child support was continued on several occasions by both parties, and Charlene Martin, through her counsel, agreed to these continuances. The trial court further concluded that Charlene Martin's counsel withdrew from the case, which was the reason for the final continuance on the April 30, 1992 motion, and thus, Charlene Martin had to obtain new counsel. The trial court determined that after obtaining new counsel, Charlene Martin filed the April 29, 1993 motion to increase support, and therefore, the judgment could only be made retroactive to the April 29, 1993 filing date.
Based upon the numerous motions for continuance, we find good cause existed in the record for the trial court to determine the effective date for the increase in child support to be April 29, 1993. See Henley v. Henley, 618 So.2d 1 (La.App. 3rd Cir.1993). This assignment of error is without merit.

CHARLENE MARTIN'S ASSIGNMENT OF ERROR NUMBER THREE
By this assignment, Charlene Martin contends that the trial court erred in failing to award an additional sum to help her defray extraordinary medical expenses of the minor children. Charlene Martin further contends that the testimony produced at trial satisfied the court rules regarding children who are in need of extraordinary medical treatment.
LSA-R.S. 9:315.5 provides for extraordinary medical expenses and states that:
By agreement of the parties or order of the court, extraordinary medical expenses incurred on behalf of the child shall be added to the basic child support obligation.
LSA-R.S. 9:315 defines extraordinary expenses as follows:
(3) "Extraordinary medical expenses" means uninsured expenses over one hundred dollars for a single illness or condition. It includes but is not limited to reasonable and necessary costs for orthodontia, dental treatment, asthma treatment, physical therapy, uninsured chronic health problems, and professional counseling or psychiatric therapy for diagnosed mental disorders.
The court determined that there was no evidence produced at the trial to show that the children were in need of extraordinary medical treatment. The only evidence presented was testimony by Charlene Martin that two of the children needed braces. No evidence was presented to show the need for braces or the cost of braces for the children. Charlene Martin also testified that one of the children had recently obtained contact lens, which she estimated cost about $59. The court concluded that Charlene Martin could, in the future, petition the court to deviate from the guidelines and order Kerry Lloyd to pay an additional sum to help her defray any extraordinary medical expenses that she may incur in the future.
We conclude that LSA-R.S. 9:315.5 applies to incurred expenses that exceed $100 for a single illness or condition. In this case, the contact lens expense of $59 did not constitute an uninsured expense over $100. Additionally, the testimony of the need for braces did not met the requirement of an incurred expense. We find that the trial court did not abuse its discretion by holding that no evidence was produced to show an extraordinary medical expense. Thus, this assignment of error is without merit.

KERRY LLOYD'S ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
Through Kerry Lloyd's assignment of error number one, Kerry Lloyd contends that the trial court erred in failing to decrease his *37 payment of child support. By Kerry Lloyd's assignment of error number two, he contends that because of the trial court's error in failing to decrease his child support payment, the trial court further erred in failing to assess the entire cost of the trial to Charlene Martin.
Because of our finding in Assignment of Error Number One, a discussion of the issues raised in Kerry Lloyd's assignments of error is unnecessary.

CONCLUSION
For the foregoing reasons, judgment of the trial court is affirmed. Costs of this appeal are assessed against Charlene Martin.
AFFIRMED.
NOTES
[1] Charlene Lloyd remarried and hereinafter will be referred to by her married name of Charlene Martin.