McCLENDON, J.
hOn March 2, 2004, defendant, John W. Bates, filed a motion for reduction of child support. Mr. Bates asserted that his incarceration made it impossible for him to meet his support obligation. Plaintiff, Penny Travis Bates, opposed the motion. By a judgment signed on June 2, 2004, the trial court denied the motion to reduce. Mr. Bates appealed. We affirm.
During the hearing on the motion, the trial court likened Mr. Bates’ voluntary decision to commit a crime to a parent who chose to be underemployed or unemployed. See LSA-R.S. 9:315.11. Although the trial court agreed not to hold Mr. Bates in contempt for his failure to pay child support while he was in jail, the court did not agree that Mr. Bates’ incarceration was a valid basis for rescission or reduction of his obligation to support his child.
*702 After Mr. Bates pled guilty to making harassing telephone calls, and was sentenced to probation with conditions, he agreed to a stipulated judgment for child support. Thus, he knew of the sentence and'the consequences if he violated probation; Unfortunately, Mr. Bates chose not only to engage in the initial criminal activity, but also chose not to meet the conditions of his probation. Consequently, the probation was revoked and Mr. Bates was incarcerated for the remainder of his term.
Notwithstanding Mr. Bates’ choices, and the resulting delay in payment, his obligation to support his child was neither lessened nor extinguished.
When a person commits a voluntary act, that act cannot be used to justify the extinction of a protected right like child support. As a general rule, the obligation continues when the defendant has brought about his own financial condition, regardless of a temporary situation making it impossible for the defendant to pay for a given length of time .... Even when a defendant is actually unable to pay for the period of his incarceration, his support obligation can be satisfied after his release from prison.
State v. Nelson, 587 So.2d 176, 178 (La.App. 4 Cir.1991); see Ledet v. Ledet, 416 So.2d 1309, 1310 (La.App. 1 Cir.1982) (obligation not relieved by unstable financial condition created by the defendant). Thus, upon his release, Mr. Bates, can begin satisfying his obligation.
I ¡¿Based on these particular facts, we find no error and affirm the trial court’s judgment. The costs of the appeal are assessed to Mr. Bates.
Affirmed.