965 So.2d 939 (2007)
Wanda Carol Johnson BARTON
v.
John Vernon BARTON.
No. 2006 CA 2032.
Court of Appeal of Louisiana, First Circuit.
August 8, 2007.
*940 Thomas B. Waterman, Ponchatoula, Counsel for Plaintiff/Appellee Wanda Carol Johnson Barton.
Cassandra Butler, Independence, Counsel for Defendant/Appellant John Vernon Barton.
Before: KUHN, GAIDRY, and WELCH, JJ.
GAIDRY, J.
John Vernon Barton appeals the judgment of the 21st Judicial District Court for the Parish of Tangipahoa, denying his motion to set aside its prior order dismissing this action in its entirety, including his original rule for reduction of child support, on the grounds of abandonment. For the following reasons, we vacate the prior order, reverse the subsequent judgment, and remand the case for further proceedings.

FACTUAL AND PROCEDURAL HISTORY
John Vernon Barton and Wanda Carol Johnson Barton are the parents of a minor son born on March 1, 1994. They subsequently married on July 16, 1995. On April 12, 1999, Ms. Barton filed a petition for divorce and incidental matters, including child custody and support. Dr. Barton filed an answer and reconventional demand on June 10, 1999.
On July 12, 1999, the trial court rendered judgment awarding the parties provisional joint custody, with Ms. Barton designated as provisional domiciliary custodian. Dr. Barton was ordered to pay Ms. Barton interim monthly child support, the amount to be determined following submission of a child support worksheet. On July 30, 1999, the trial court signed another judgment awarding Ms. Barton interim monthly child support in the *941 amount of $1,724.00, retroactive to the date of filing of her petition.
A judgment of divorce was rendered on February 28, 2000. On the same date, the trial court amended its prior child support judgment to reduce the amount of monthly child support to $1,355.39.
By judgment signed on October 12, 2001, Dr. Barton was found in contempt of court for failure to pay child support and to maintain health and dental insurance for his minor son.
On July 31, 2002, Dr. Barton filed a rule for reduction of child support. He alleged that his employer's contract to provide hospital emergency room physician services had been terminated and that he had not been gainfully employed since December 20, 2001, and sought reduction of child support retroactive to that date or the date of filing of his rule. The hearing on the rule was fixed for September 16, 2002. On the date of the hearing neither party appeared, and the hearing was continued without date.
On August 22, 2003, Dr. Barton filed a motion for contempt against Ms. Barton, alleging that she had failed to produce certain documents that were the subject of an earlier order and that she had refused him reasonable visitation with their minor son. An order was submitted with the motion. In addition to seeking to have the contempt motion set for hearing, Dr. Barton also sought to set his rule for reduction of child support for hearing.
On August 25, 2003, the trial court ordered the continuance of the motion for contempt and Dr. Barton's rule for reduction of child support to October 17, 2003. A notation of the continuance was written on the unsigned order submitted with Dr. Barton's contempt motion.
According to the trial court's minute entries, on October 17, 2003, Dr. Barton's rule for reduction of child support was continued to November 10, 2003. On the latter date, however, the rule was continued without date.
On June 13, 2005, Ms. Barton filed a combined rule for contempt and for past due child support, alleging that Dr. Barton was 24 months in arrears for child support. The hearing on the rule was set for July 21, 2005, but was subsequently continued twice before being assigned for hearing on October 21, 2005.
On October 13, 2005, Dr. Barton filed a rule for contempt, alleging that Ms. Barton had denied him visitation with their minor son. The rule was set for hearing on October 21, 2005. On October 24, 2005, Ms. Barton filed a motion to continue the hearing on Dr. Barton's contempt rule, and the trial court signed an order continuing that hearing to November 21, 2005.
On October 21, 2005, the trial court heard Ms. Barton's rule for contempt and past due child support. Neither Dr. Barton nor his counsel made an appearance. The trial court ruled in favor of Ms. Barton, and found Dr. Barton in contempt. The trial court's judgment sentenced Dr. Barton to 90 days in the parish prison for contempt and found him liable for past due child support of $36,595.53, with legal interest and attorney fees of $2,500.00.
On November 2, 2005, Dr. Barton filed a motion for reconsideration, seeking to set aside the contempt judgment on the grounds that his counsel believed all matters scheduled for hearing on October 21, 2005 had been continued. The motion for reconsideration was set for hearing on November 21, 2005.
On November 21, 2005, Dr. Barton was taken in custody on an outstanding instanter attachment issued at the time of the contempt hearing, and his rule scheduled for hearing that date was continued to *942 January 19, 2006. The trial court's minute entry reflected that the rule set for hearing was Dr. Barton's rule for reduction of child support rather than his motion for reconsideration of the contempt judgment.
On December 5, 2005, Ms. Barton filed an ex parte motion to dismiss the "suit" as abandoned, on the grounds that no step in its prosecution or defense had been taken since July 31, 2002. A supporting memorandum, however, characterized the abandoned action as Dr. Barton's rule for reduction of child support, filed on July 31, 2002.
On December 8, 2005, the trial court signed a consent judgment on the joint motion of the parties, resolving the judgment of contempt and for past due child support and releasing Dr. Barton from the custody of the sheriff.
Dr. Barton filed a memorandum in opposition to Ms. Barton's ex parte motion to dismiss on December 9, 2005. On December 12, 2005, the trial court signed an ex parte order dismissing the "suit" as abandoned "as of July 31, 2002 [sic]."[1]
On January 19, 2006, the hearing of Dr. Barton's rule for reduction and a motion to compel discovery filed by Ms. Barton were continued to February 21, 2006.
On February 21, 2006, by consent of the parties, the trial court heard an oral motion by Dr. Barton to set aside the ex parte order of December 13, 2005. Following argument of counsel, the trial court ruled that it would deny the motion. On the same date, Dr. Barton filed an "amending" motion for reduction of child support, in order to amend his original rule for reduction to seek reduction retroactive to May 2003. On February 24, 2006, the trial court signed an order permitting such "amendment," but noted in a "per curiam" comment that Dr. Barton's "retroactive reduction request may have been abandoned."
On March 13, 2006, Dr. Barton filed a new motion to reduce child support. That motion was fixed for hearing on May 15, 2006.
On May 10, 2006, the trial court signed its judgment denying Dr. Barton's oral motion to set aside the ex parte order of dismissal for abandonment. This appeal followed.

ASSIGNMENT OF ERROR
Dr. Barton contends the trial court erred in rendering judgment dismissing his July 31, 2002 rule for reduction of child support as abandoned, as action was taken in the prosecution of the rule on August 25, 2003.

DISCUSSION
A "cause of action" has been defined as the operative facts which give rise to the plaintiffs right to judicially assert the action against the defendant. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993). The basic elements of a cause of action for modification of child support are set forth in La. C.C. art. 142 and La. R.S. 9:311(A). Louisiana Civil Code article 142 provides that "[a]n award of child support may be modified if the circumstances of the child or of either parent materially change." Under La. R.S. 9:311(A), the party seeking the modification must demonstrate "a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for *943 modification of the award."[2] To be "material," the change in circumstances must have "real importance or great consequences for the needs of the child or the ability to pay of either party." La. R.S. 9:311, Comment (a)2001. Pursuant to La. R.S. 9:315.21, modifications of child support awards are generally retroactive to the date of judicial demand, except for good cause shown. Casey v. Casey, 02-0246, p. 4 (La.App. 4th Cir.5/22/02), 819 So.2d 1108, 1111.
The question arises as to whether a motion or rule for modification of child support, filed in a civil action of divorce, is an "action" subject to abandonment under La. C.C.P. art. 561(A), which provides, in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. . . .
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. . . .
(3) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriffs service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).
(4) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriffs service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.
A civil action is "a demand for the enforcement of a legal right," and is "commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction." La. C.C.P. art. 421. A motion is considered a pleading. See La. C.C.P. art. 852. The term "action" is used in La. C.C.P. art. 561 instead of "demand" to make it clear that it applies to incidental actions as well as to the principal action. See La. C.C.P. art. 561, Official Revision Comment (b)1960. In James v. Formosa Plastics Corp. of La., 01-2056, p. 4 (La.4/3/02), 813 So.2d 335, 338, the supreme court squarely held that the term "action" used in La. C.C.P. art. 561 is not necessarily limited to the entire lawsuit or judicial proceeding. Several "actions" may therefore be present in the same lawsuit or judicial proceeding. James, 01-2056 at p. 5, 813 So.2d at 339; Satterthwaite v. Byais, 05-0010, p. 7 (La. App. 1st Cir.7/26/06), 943 So.2d 390, 396.
Upon a material change in circumstances, a parent has the legal right to make a judicial demand for appropriate modification of a child support award. Accordingly, a motion or rule to modify a child support award would certainly appear to constitute an "action" subject to abandonment. Prior jurisprudence has in fact assumed, without detailed analysis, that La. C.C.P. art. 561 applies to an action seeking an increase in child support. See Griffin v. Campbell, 00-00468, p. 3 (La.App. 3rd Cir.11/2/00), 772 So.2d 370, *944 372. And this court has treated judgments denying motions or rules for modification of child support awards as final judgments subject to review on appeal. See, e.g., Bates v. Bates, 04-1930 (La.App. 1st Cir.9/23/05), 923 So.2d 701, and Richardson v. Richardson, 02-2415 (La.App. 1st Cir.7/9/03), 859 So.2d 81. By reviewing such judgments under our appellate jurisdiction, we have implicitly recognized that they are final judgments that determine the merits of "actions." See La. C.C.P. art. 1841.[3]
Here, the trial court's decision that Dr. Barton's original rule for reduction for child support was abandoned is incorrect. The record supports the conclusion that on August 22, 2003, Dr. Barton submitted an order seeking to have his original rule for reduction re-fixed for hearing, although he agreed on August 25, 2003 to continue its hearing from that date to October 17, 2003. Interpreting his submission of the order liberally in favor of maintenance of the action, as we are required to do, we conclude that such action constituted a step, albeit the sole step, in the prosecution of Dr. Barton's action for reduction of his child support obligation, and that his original rule was not abandoned under the provisions of La. C.C.P. art. 561. See Thibaut Oil Co., Inc. v. Holly, 06-0313, pp 5-6 (La.App. 1st Cir.2/14/07), 961 So.2d 1170, 1174. The trial court's entry of an order of dismissal on Ms. Barton's ex parte motion, pursuant to La. C.C.P. art. 561(A)(2), was therefore incorrect. The order also inadvertently provided for the dismissal of all proceedings, rather than only the rule for reduction of child support. Accordingly, we must vacate the order of dismissal, reverse the trial court's judgment of May 10, 2006, denying Dr. Barton's motion to set aside the prior ex parte dismissal, and remand this matter for further proceedings.
We emphasize, however, that the above conclusion does not preclude a finding that "good cause" otherwise exists under La. R.S. 9:315.21 to limit the retroactive effect of any judgment reducing the amount of child support. In Lloyd v. Lloyd, 94-0421 (La.App. 1st Cir.12/22/94), 649 So.2d 32, the mother first filed a motion to increase child support on September 10, 1991. The original hearing on that motion was continued to October 18, 1991, at the request of the father's counsel, but did not take place on that later date due to the withdrawal of that counsel. Over six months later, the mother filed a second motion to increase child support. The second motion to increase child support was continued on several occasions by both parties, the last being prompted by the withdrawal of the mother's original counsel. The mother's new counsel filed a third motion to increase child support a year after the second motion. The trial court ultimately rendered judgment increasing child support, but effective only from the date of filing of the third motion. In doing so, the trial court determined that the first motion was in effect abandoned, and that the mother had consented to the multiple continuances of the hearing on the second motion before filing the third motion. This court noted that "[c]ourts have some discretion to limit or bar the retroactive scope of a modification of a support order." Lloyd, 94-0421 at p. 6, *945 649 So.2d at 35.[4] Based upon the numerous continuances relating to the first and second motions, we found "good cause existed in the record for the trial court to determine the effective date for the increase in child support" to be the date of filing of the third motion. Lloyd, 94-0421 at p. 6, 649 So.2d at 36.
Not only was Dr. Barton twice held in contempt and ordered to pay past due child support after the filing of his original rule, but he failed to actively seek any relief based upon the grounds of his original rule prior to those hearings. The judgments of child support arrearages and contempt were not appealed and thus became final and executory. Dr. Barton also expressly or implicitly consented to the multiple continuances of scheduled hearings on his original rule within a period of over three years after its filing. That course of conduct and inaction, absent extenuating circumstances or explanation, might constitute "good cause" under La. R.S. 9:315.21(E) for the trial court to conclude in its discretion that any decrease in Dr. Barton's child support obligation should not be retroactive to the date of his original judicial demand.
Again, we simply hold that Dr. Barton's rule was not abandoned under La. C.C.P. art. 561, and that the trial court must afford Dr. Barton a sufficient opportunity to be heard on the issues presented by his rule, including the issue of the effective date of any reduction in child support.

DECREE
The trial court's ex parte order of December 13, 2005, dismissing these proceedings in their entirety, is vacated. The trial court's judgment of May 10, 2006, is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed to the plaintiff-appellee, Wanda Carol Johnson Barton.
ORDER OF DECEMBER 12, 2005 VACATED; JUDGMENT OF MAY 10, 2006 REVERSED AND CASE REMANDED.
NOTES
[1] The effective date of abandonment stated in the order is obviously incorrect, in that La. C.C.P. art. 561(A)(2) unequivocally states that the dismissal of the action is effective "as of the date of its abandonment," rather than retroactively to the date of its filing.
[2] From a conceptual standpoint, a parent's cause of action to modify an award of child support can only come into existence after the time of that award, since its existence is dependent upon changed circumstances "between the time of the previous award and the time of the motion for modification of the award." La. R.S. 9:311(A).
[3] It is unnecessary for us in this case to expressly determine the nature of a judgment denying modification of child support as interlocutory, final and appealable, or partially final for purposes of appeal, as the trial court's judgment inadvertently but expressly dismissed the entire "suit." As worded, the judgment at issue is indisputably final and appealable.
[4] Prior to its amendment in 1993, La. R.S. 9:310 addressed the retroactivity of child support judgments. This subject is now addressed by La. R.S. 9:315.21, which provides the following, in pertinent part:

A. Except for good cause shown, a judgment awarding, modifying, or revoking an interim child support allowance shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.
B. (1) A judgment that initially awards or denies final child support is effective as of the date the judgment is signed and terminates an interim child support allowance as of that date.
(2) If an interim child support allowance award is not in effect on the date of the judgment awarding final child support, the judgment shall be retroactive to the date of judicial demand, except for good cause shown, but in no case prior to the date of judicial demand.
C. Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.
. . .
E. In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence, but in no case shall this date be a date prior to the date of judicial demand. (Emphasis supplied.)