DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PIERO PALACIOS,**
Appellant,

v.

**SHARNICE LAWSON,**
Appellee.

No. 4D2023-0869

[March 6, 2024]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 502022CA000383.

Jessica M. Hernandez, RoseMarie Antonacci-Pollock, and Alexander Pollock of Falk, Waas, Hernandez, Solomon, Mendlestein & Davis, P.A., Boca Raton, and Michael D. Meuti of Benesch, Friedlander, Coplan, & Aranoff, LLP, Cleveland, Ohio, for appellant.

Grace Mackey Streicher and Andrew A. Harris of Harris Appeals, P.A., Palm Beach Gardens, and William D. Zoeller of Schuler, Halvorson, Weisser, Zoeller, & Overbeck, West Palm Beach, for appellee.

PER CURIAM.

The defendant in a medical malpractice action appeals an order denying his motion to compel arbitration. The trial court ruled that the arbitration agreement at issue was void as against public policy because it contravened the legislative intent of Florida's Medical Malpractice Act ("the MMA"). We reverse because the agreement does not disrupt the MMA's policy goals but instead reflects the parties' choice to arbitrate the claim entirely outside that statutory framework.

## Background

The plaintiff registered online with a company called SmileDirectClub to receive clear aligner orthodontic treatment. As part of her enrollment, the plaintiff accepted the following arbitration agreement:

1

> I hereby agree that any dispute regarding the products and services offered through SmileDirectClub and/or by my affiliated dental professionals, including but not limited to medical malpractice disputes, will be resolved through final and binding arbitration before a neutral arbitrator and not by lawsuit filed in any court. . . . I understand that I am waiving any right I might otherwise have to a trial by jury. . . . I agree that the arbitration shall be conducted by a single, neutral arbitrator selected by the parties and shall be resolved using the rules of the American Arbitration Association.

The defendant is an orthodontist affiliated with SmileDirectClub who treated the plaintiff remotely and prescribed a clear aligner. The plaintiff later claimed the defendant was negligent in failing to discover and treat her periodontal disease.

The parties completed the MMA's presuit investigation process, but neither party requested voluntary binding arbitration under section 766.207, Florida Statutes (2020). The defendant ultimately rejected the plaintiff's claim.

The plaintiff then filed a complaint alleging medical malpractice. The defendant moved to compel arbitration pursuant to the plaintiff's agreement with SmileDirectClub.[1] In response, the plaintiff argued that the arbitration agreement was void as against public policy because it was inconsistent with the terms of voluntary binding arbitration under the MMA.

The trial court ruled that the arbitration agreement was void as against public policy and denied the defendant's motion. This appeal followed.

## **Analysis**

We review the order denying the defendant's motion to compel arbitration de novo because it is based on a purely legal issue. *See Dewees v. Johnson,* 329 So. 3d 765, 769 (Fla. 4th DCA 2021).

The Legislature enacted the MMA to alleviate rising medical malpractice insurance premiums by decreasing the costs of defending claims. § 766.201(1), Fla. Stat. (2020); *see also Univ. of Miami v. Echarte,* 618 So. 2d

---

[1] The plaintiff does not dispute that the defendant is entitled to enforce the arbitration agreement as an intended third-party beneficiary. *See generally Mendez v. Hampton Court Nursing Ctr., LLC,* 203 So. 3d 146, 148-49 (Fla. 2016).

189, 191 (Fla. 1993). To that end, the MMA requires prompt determination of the merits of claims through a presuit investigation process and encourages arbitration as to damages for non-frivolous claims. *See* §§ 766.201(1)(d), (2), .207(2), Fla. Stat. (2020); *see also Echarte*, 618 So. 2d at 191–93.

The MMA provides "[s]ubstantial incentives for both claimants and defendants" who submit claims to arbitration under the MMA. § 766.201(2)(b)1., Fla. Stat. (2020). The primary incentives for defendants are a $250,000 cap on non-economic damages per incident and the preclusion of punitive damages. §§ 766.207(7)(b), (d), Fla. Stat. (2020). The incentives for claimants include, among other things, the defendant's concession of liability, a relaxed evidentiary standard as to damages, and prompt payment of the arbitration award with interest penalties. *See Hernandez v. Crespo*, 211 So. 3d 19, 25 (Fla. 2016); *see also Echarte*, 618 So. 2d at 194.

The Florida Supreme Court has recognized that parties are free to "contract around" the MMA. *See Hernandez*, 211 So. 3d at 25; *see also Franks v. Bowers*, 116 So. 3d 1240, 1247 (Fla. 2013). This is particularly true where the parties' agreement addresses the "same mischief that the [MMA] seeks to address." *See Franks*, 116 So. 3d at 1255–56 (Canady, J., dissenting) ("Nothing in the statute can be read to support the conclusion that the purpose of the statute is thwarted by voluntary pre-dispute agreements . . . designed to limit the cost of litigation and the amount of paid claims."). However, an arbitration agreement that purports to incorporate the statutory scheme without providing the same balance of incentives to submit claims to arbitration contravenes the Legislature's intent and is therefore void as against public policy. *See Hernandez*, 211 So. 3d at 25–27; *see also Franks*, 116 So. 3d at 1248.

In *Franks*, the parties' agreement required medical malpractice claims to be submitted to binding arbitration under the Florida Arbitration Code and capped non-economic damages at $250,000 per incident, consistent with the MMA. *Franks*, 116 So. 3d at 1242. The Supreme Court held that the agreement was void as against public policy because it removed the claimant's incentives to submit claims to arbitration under the MMA; most importantly, it capped the claimant's recovery of non-economic damages without requiring the defendant to concede liability. *Id.* at 1248. The Court stated that "any contract that seeks to enjoy the benefits of the arbitration provisions under [the MMA] must necessarily adopt all of its provisions." *Id.* at 1248.

3

In *Hernandez*, the parties agreed generally that the provisions of the MMA would apply to any claim for medical malpractice, except that if the parties did not mutually agree to arbitration under the MMA, then the claim would be submitted to binding arbitration under the Florida Arbitration Code. *Hernandez*, 211 So. 3d at 21–23. The Supreme Court held that the agreement was void as against public policy because it purported to incorporate the MMA but did not provide the same benefits to the claimant in exchange for giving up the right to a jury trial. *Id.* at 26–27. The Court explained that allowing parties to "pick and choose" which provisions of the MMA to include in their arbitration agreements would render the statutory scheme meaningless. *Id.* at 27. The Court emphasized that parties are free to enter into contracts outside the scope of the MMA's provisions but are not free to "disrupt[] the balance of incentives the Legislature carefully crafted to encourage arbitration." *Id.*

Here, the lower court relied on *Franks* and *Hernandez* in ruling that the arbitration agreement between the plaintiff and SmileDirectClub was void as against public policy because it did not provide the plaintiff any of the benefits of arbitration under the MMA. However, the agreement at issue is materially different from the agreements in *Franks* and *Hernandez* because it does not incorporate, nor purport to incorporate, any of the provisions of the MMA. The parties did not "disrupt[] the balance of incentives" under the MMA by "pick[ing] and choos[ing]" which of its provisions to include in their agreement. *See Hernandez*, 211 So. 3d at 27. Nor did they "seek[] to enjoy the benefits of the arbitration provisions under [the MMA]" without adopting all of its provisions. *See Franks*, 116 So. 3d at 1249.

Instead, the parties exercised their freedom to contract around the MMA by agreeing to arbitrate medical malpractice claims entirely outside its framework. *See Hernandez*, 211 So. 3d at 27. In doing so, neither party obtains the benefits of arbitration under the MMA, which is in accord with the well-settled principle that contractual waivers are enforceable under Florida law for any type of rights. *See Bellaire Secs. Corp. v. Brown*, 168 So. 625, 639 (Fla. 1936) ("A party may waive any right to which he is legally entitled, whether secured by contract, conferred by statute, or guaranteed by the Constitution."). Further, unlike other statutory remedies, the Legislature has not prohibited a waiver of the remedies provided in chapter 766. *See, e.g.*, § 443.041, Fla. Stat. (2020) (containing the specific prohibition against waiving rights under Florida's unemployment compensation law and voiding any agreement that attempts to waive those rights). Here, the parties' agreement was freely entered into and thus is enforceable as a matter of law. *See Hernandez*, 211 So. 3d at 27; *Franks*, 116 So. 3d at 1255–56 (Canady, J., dissenting).

Therefore, the trial court erred in ruling that the parties' arbitration agreement contravened the Legislature's intent and violated public policy. We reverse the order denying the defendant's motion to compel arbitration and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

KLINGENSMITH, C.J., GROSS and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***